## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

WALTER CHENNAULT,                          )
                                           )
        **Plaintiff,**                        )
                                           )
v.                                         )          **Case No. CIV-25-487-SLP**
                                           )
JACKSON COUNTY JAIL, et al.,               )
                                           )
        **Defendants.**                      )

## REPORT AND RECOMMENDATION

Plaintiff Walter Chennault, a pretrial detainee proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights ("Complaint"). Doc. 1. United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss Plaintiff's Complaint in its entirety.

I.    **Plaintiff's Claims**

Plaintiff is a pretrial detainee at the Jackson County Jail and charged in a felony case pending in the District Court of Jackson County, Oklahoma. *See* Compl. at 3-4.[1] The

---

[1] *See State v. Chennault*, Case No. 2024-0203, District Court of Jackson County, *at* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=jackson&number=CF-2024-00203&cmid=11611585 (last accessed August 27, 2025). The undersigned takes judicial notice of the docket in Plaintiff's state criminal case. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

undersigned interprets Plaintiff's claims as relating to his arrest and pre-trial detention on that felony charge.  He brings two claims:

- Claim One: Excessive bond against Jackson County[2] for which he seeks monetary damages; and

- Claim Two: Wrongful imprisonment against the Jackson County Sheriff's Office, Altus Police Department Detective Josh Smalts, and Altus Police Department Detective Devin Dickerson[3] for which he seeks monetary damages and equitable relief.

Compl. at 5-8.  Plaintiff does not specify whether he is suing Detectives Smalts and Dickerson in their individual and/or official capacities, so the undersigned considers claims against these Defendants in both capacities.

## II.  Screening

When a plaintiff proceeds in forma pauperis, the Court has a duty to screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The Court has the same duty when a prisoner seeks relief against a governmental entity or an officer or employee of a governmental entity.  *Id.* § 1915A(a)-(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[2] Plaintiff lists Jackson County Jail in the caption of his Complaint and as "Defendant No. 1" in his suit, but he names Jackson County as the sole defendant in Claim One. Compl. at 1, 4-5.  He does not list Jackson County Jail as a defendant in Claim Two.

[3] Plaintiff alternatively spells Detective Dickerson's first name as "Devin."  Compl. at 7.

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In evaluating whether a complaint adequately states a claim, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation modified) (discussing standard of review for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Requena v. Roberts*, 893 F.3d 1195, 1204-05 (10th Cir. 2018) (discussing standard of review for failure to state a claim under 28 U.S.C. § 1915A(b)(1)).  Importantly, a complaint may not offer only "naked assertions devoid of further factual enhancement," but it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).  Given this requirement for well-pled facts, the Court will not accept legal conclusions unsupported by adequate factual allegations. *Id.*  Instead, the Court will review a complaint to determine whether a plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Finally, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will not, however, provide a plaintiff with arguments or act as his advocate. *Id.*

3

III.   <u>**Analysis**</u>

      A.   **The *Younger* abstention doctrine**

            1.   **The *Younger* doctrine requires abstention**

Because Plaintiff's criminal prosecution is pending in the Jackson County District Court, this Court should abstain from exercising jurisdiction over Plaintiff's Complaint under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction when three conditions have been established:

> First, there must be ongoing state criminal . . . proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The Court "may raise the issue of abstention sua sponte." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013).

Here, all three conditions for *Younger* abstention have been met. First, Plaintiff admits that he is a pretrial detainee, Compl. at 3, and online records show that Plaintiff's state-court criminal case is ongoing.

Second, Plaintiff "has not shown that the state court is not an adequate forum to hear his constitutional challenges." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006); *see also Perez v. Ledesma*, 401 U.S. 82, 84 (1971) ("The propriety of arrests . . . in state

criminal prosecutions are ordinarily matters to be resolved by state tribunals."); *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (explaining that "unless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court" (citation modified)); *Tucker v. Reeve*, No. CIV-14-971-R, 2014 WL 11352784, at *1 (W.D. Okla. Oct. 2, 2014) (ruling the Court should abstain from a state pre-trial detainee's habeas claims as Oklahoma state court provided an adequate forum for the petitioner's allegations of excessive bail and illegal prosecution).[4]

Third, "the State of Oklahoma necessarily has an important interest in prosecuting crimes that have allegedly occurred within its jurisdiction."  *Long v. City of Lawton*, No. CIV-23-1053-SLP, 2024 WL 2148747, at *4 (W.D. Okla. Jan. 17, 2024) (citing *In re Troft*, 488 F3d 1237, 1240 (10th Cir. 2007) (recognizing that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism)) (R&R), *adopted*, 2024 WL 2140343 (W.D. Okla. May 13, 2024); *see also Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 2013) ("We have long recognized that the prosecution of crimes occurring within its jurisdiction is an important state interest." (citation modified)).

---

[4] Plaintiff may seek pre-trial relief through the Jackson County District Court, and the Oklahoma Court of Criminal Appeals may also "entertain certain extraordinary writs which arise out of criminal matters," Rule 10.1(A), *Rules of the Okla. Ct. Crim. Appl*, Okla. Stat. tit. 22, Ch. 18, App.  Additionally, if convicted, Plaintiff can raise federal constitutional claims via direct appeal and apply for post-conviction relief.  Okla. Stat. tit. 22, §§ 1051, 1080.

> **2.    Plaintiff has not demonstrated an exception to the *Younger* doctrine**

Even when the three *Younger* criteria are met, a narrow exception applies if the plaintiff can demonstrate "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez*, 401 U.S. at 85. Plaintiff, however, has not demonstrated an exception to the *Younger* doctrine.

A plaintiff has a "heavy burden" to overcome abstention under *Younger* and "mere allegations of bad faith or harassment" will not suffice to demonstrate an exception to the doctrine. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Plaintiff alleges that his imprisonment is "wrongful" because he is "innocent of this crime," as he "wasn't home [and] they have no physical proof." Compl. at 7-8. Such allegation does not demonstrate harassment or that his prosecution is being undertaken in bad faith.

> **3.    Conclusion**

Because the three conditions requiring abstention under *Younger* exist here and Plaintiff has not shown an exception applies, abstention is "non-discretionary" and the Court "is required to abstain" from hearing Plaintiff's claims. *Chapman*, 472 F.3d at 749 (citation modified).

Under the *Younger* abstention doctrine, claims for equitable relief "are subject to outright dismissal." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023). Plaintiff's claim for equitable relief should, therefore, be dismissed without prejudice. And though "the *Younger* doctrine extends to federal claims for monetary relief

when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding," the appropriate course for such claims is "staying proceedings on the federal damages claim until the state proceeding is final." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *accord Graff*, 65 F.4th at 523; *see also Thompson v. FNU LNU*, No. CIV-23-962-SLP, 2024 WL 751004, at *2 (W.D. Okla. Feb. 23, 2024) (staying claims, under *Younger*, pending the conclusion of the plaintiff's state-court criminal proceeding). Accordingly, under the *Younger* doctrine, Plaintiff's claims for monetary damages should be stayed.

**B.    Failure to state a cognizable claim for relief**

Alternatively, each of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

**1.    Claim One:  Excessive bond**

In Claim One, Plaintiff alleges "weaponization of bond" against Jackson County. Compl. at 5. A municipality or a county can be held liable for constitutional violations but only if such violation was committed pursuant to official policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The municipal or county government may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* "To succeed in a § 1983 claim against a municipality, a plaintiff must show two elements: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind

the constitutional deprivation." *Cordova v. Aragon*, 569 F.3d 1183, 1193 (10th Cir. 2009) (citation modified).

Plaintiff, however, fails to allege any Jackson County official policy or custom that caused the alleged constitutional violation related to Plaintiff's claim of excessive bond. Though Plaintiff asserts that "this county needs to be investigated, this town has a 97% conviction rate," Compl. at 7 (citation modified), such statement is not an allegation of an official policy or custom. Accordingly, Plaintiff's claim of excessive bond against Jackson County should be dismissed without prejudice for failure to state a claim under the framework of *Monell*.[5]

### 2.    Claim Two:  Wrongful imprisonment

In Claim Two, Plaintiff alleges wrongful imprisonment against the Jackson County Sheriff's Office, Altus Police Department Detective Smalts, and Altus Police Department Detective Dickerson.

### a.    Jackson County Sheriff's Office

The Jackson County Sheriff's Office, as a governmental unit of Jackson County, "is not a separate suable entity" under § 1983. *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *see also Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Lindsey v.*

---

[5] Plaintiff's claim would also be subject to dismissal had he named Jackson County Jail. "A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law" and thus is "not amenable to suit" under § 1983. *Hickey v. Oklahoma Cnty. Det. Ctr.*, 2022 WL 1221645, at *5 (W.D. Okla. Feb. 23, 2022) (R&R), *adopted*, 2022 WL 945319 (W.D. Okla. Mar. 29, 2022).

*Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal with prejudice of § 1983 claims against defendants, including a county sheriff's department, that were "not legally suable entities").  As such, the Court should dismiss with prejudice the claim against the Jackson County Sheriff's Office.  *See Woodberry v. Worthington*, No. CIV-25-322-R, 2025 WL 1911489, at *2 (W.D. Okla. June 9, 2025) (recommending dismissal with prejudice of the plaintiff's § 1983 claim against the Payne County Sheriff's Department) (R&R), *adopted*, 2025 WL 1909511 (W.D. Okla. July 10, 2025); *Jones v. City of Moore*, No. CIV-24-855-D, 2025 WL 864833, at *2 (W.D. Okla. Mar. 19, 2025) (dismissing with prejudice the plaintiff's § 1983 claim against the Moore Police Department).

### b.    Detectives Smalts and Dickerson, official capacity

If a plaintiff sues a defendant under § 1983 in his official capacity, the suit is generally treated as one against the governmental entity that the defendant represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *accord Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (holding that a suit under § 1983 against an employee in their official capacity is "another way of pleading an action against the county or municipality they represent").  Because Plaintiff sues two members of the Altus Police Department in their official capacities, the relevant governmental entity is the municipality of Altus.  And because Altus is a municipality, the *Monell* framework for municipal liability is implicated. *See Monell*, 436 U.S. at 694 ("It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." (citation modified)).

To state a viable claim for relief under *Monell* against Detectives Smalts and Dickerson in their official capacities, Plaintiff must plausibly allege that they "committed a constitutional violation" and that an Altus "policy or custom was the moving force behind the constitutional deprivation." *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (setting forth the requirements for alleging a § 1983 claim against a municipality). But Plaintiff has not pleaded any facts indicating that the Altus municipality had an official custom, policy, or practice that caused the alleged violation of his constitutional rights. *See Monell*, 436 U.S. at 692 (holding that § 1983 "plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights"). Further, Plaintiff has not alleged that Detective Smalts or Detective Dickerson possesses any final policy-making authority. Accordingly, Plaintiff's claim against Detectives Smalts and Dickerson in their official capacities should be dismissed without prejudice. *See Coplen v. Stephens Cnty. Jail*, No. CIV-23-992-G, 2024 WL 1451214, at *4 (W.D. Okla. Feb. 5, 2024) (recommending dismissal under *Monell* of official-capacity claims against local police officer and county sheriff) (R&R), *adopted*, 2024 WL 1448661 (W.D. Okla. Apr. 3, 2024); *Chester v. Parsons*, No. CIV-19-860-G, 2020 WL 1536547, at *2 (W.D. Okla. Jan. 15, 2020) (recommending dismissal under *Monell* of official-capacity claims against members of the Altus Police Department) (R&R), *adopted*, 2020 WL 1528179 (W.D. Okla. Mar. 30, 2020).

### c.    Detectives Smalts and Dickerson, individual capacity

Individual-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

10

"To establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Graham*, 473 U.S. at 166 (citation modified). For a defendant to be liable for a civil rights violation, the defendant must have had "direct personal responsibility for the claimed deprivation of a constitutional right." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). A plaintiff must also allege sufficient facts to demonstrate each defendant personally participated in the alleged violation by "identify[ing] *specific* actions taken by *particular* defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (citation modified); *see also Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a §1983 claim.").

Plaintiff fails to allege any specific action taken by Detective Smalts or Detective Dickerson. As such, even liberally construed, Plaintiff does not set forth sufficient facts to demonstrate that Detective Smalts or Detective Dickerson personally participated in any alleged violation of Plaintiff's rights. Therefore, the undersigned recommends dismissal without prejudice of Plaintiff's individual-capacity claim against Detective Smalts and Detective Dickerson for failure to state a claim.

## IV.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends:

- under the *Younger* abstention doctrine, that the Court **dismiss** without prejudice Plaintiff's claim for equitable relief and **stay** Plaintiff's claims for monetary damages;

or, in the alternative,

- for failure to state a claim upon which relief can be granted, that the Court **dismiss the Complaint in its entirety** as follows:

  o  dismiss without prejudice Claim One alleging excessive bond against Jackson County;

  o  dismiss with prejudice Claim Two alleging wrongful imprisonment against the Jackson County Sheriff's Office;

  o  dismiss without prejudice Claim Two alleging wrongful imprisonment against Detective Smalts and Detective Dickerson in their official capacities; and

  o  dismiss without prejudice Claim Two alleging wrongful imprisonment against Detective Smalts and Detective Dickerson in their individual capacities.

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than September 17, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 27th day of August, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE