IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER CHENNAULT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-487-SLP |
| | ) |
| JACKSON COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Report and Recommendation ("R&R") [Doc. No. 12] issued by United States Magistrate Judge Chris M. Stephens pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a pretrial detainee appearing pro se and in forma pauperis, brings this lawsuit alleging two claims. [Doc. No. 1]. First, Plaintiff asserts a claim for excessive bond against Jackson County for which he seeks monetary damages and for wrongful imprisonment. *Id.* at 5–7. Second, Plaintiff asserts a claim for wrongful imprisonment against the Jackson County Sherriff's Office and two Altus Police Department employees for which he seeks monetary damages and equitable relief. *Id.* at 7–8.

The R&R provides two alternative recommendations. First, the R&R recommends the Court apply the *Younger* abstention doctrine, dismissing without prejudice Plaintiff's claim for equitable relief and staying Plaintiff's claim for monetary damages until conclusion of Plaintiff's state court criminal proceeding.[1] [Doc. No. 12] at 11–12; *see also*

---

[1] *See State v. Chennault*, Case No. 2024-0203, District Court of Jackson County, at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=jackson&number=CF-2024-00203&cmid=11611585 (last accessed September 19, 2025). The Court takes judicial notice of

*Younger v. Harris*, 401 U.S. 37 (1971). Second, the R&R alternatively recommends dismissing the Complaint in its entirety for failure to state a claim. *Id.* The Magistrate Judge advised Plaintiff of his right to object to the R&R and directed any objections be filed on or before September 17, 2025. *Id.* at 12. Plaintiff was further advised that any failure to object would waive Plaintiff's right to appellate review of the factual and legal issues addressed in the R&R. *Id.*

Plaintiff filed an objection. [Doc. No. 13]. When an objection is filed, the Court must make a de novo determination of those aspects of the R&R to which the party objects, and the Court may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

However, even liberally construed, Plaintiff's filing is not a proper objection as it fails to address specific challenges to the R&R. *See Hooper v. Stitt*, No. CIV-22-988-D, 2023 WL 2432038, at *1 (W.D. Okla. Mar. 9, 2023) ("In his objection, Plaintiff generally ignores Judge Erwin's analysis and repeats, verbatim, many of the arguments previously presented in his complaint. . . . Plaintiff's failure to identify any specific error in Judge Erwin's analysis prevents further review."), *aff'd*, No. 23-6049, 2023 WL 5923920 (10th Cir. Sept. 12, 2023); *Mathews v. Elhabte*, No. 22-6031, 2022 WL 3592550, at *2 (10th Cir.

---

the docket in Plaintiff's state criminal case. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Aug. 23, 2022) (objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute"); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Because Plaintiff does not specifically challenge any aspect of the R&R,[2] the Court finds he has waived any objection to the R&R [Doc. No. 26], and this action is subject to dismissal.

Further, Plaintiff's Objection raises, for the first time, two new theories related to the Jackson County Jail opening his legal mail outside of his presence and failing to timely provide prescribed medication. *See* [Doc. No. 13] at 5–7. Plaintiff's Complaint, however, does not raise claims for violations of the First or Eighth Amendments or reference the new factual allegations contained in the Objection. Because Plaintiff's Objection attempts to raise new theories of relief, the Court declines to consider them. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time to objections to the magistrate judge's recommendation are deemed waived."); *Lowe v.*

---

[2] Plaintiff's Objection does not reference his wrongful imprisonment claim nor the Magistrate Judge's analysis pertaining to it. *See generally* [Doc. No. 13]. While Plaintiff does reference his excessive bond claim, he fails to articulate any specific objection to the R&R's analysis of this claim as it relates to failure to state a claim or *Younger* abstention. *Id* at 4–5. These issues are waived.

*Allbaugh*, 689 F. App'x 882, 884 (10th Cir. 2017) (finding a claim "was presented for the first time in [the] objection to the magistrate judge's report and recommendation" and was therefore "too late, creating a waiver.").

Upon review, the Court fully concurs with the analysis set forth in the R&R and concludes that the *Younger* abstention doctrine applies in this case.[3] *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety to the extent it recommends applying *Younger* abstention. Plaintiff's claims for equitable relief are DISMISSED WITHOUT PREJUDICE. Plaintiff's claims for monetary relief are STAYED pending the final conclusion of Plaintiff's state-court criminal proceeding. An appropriate Administrative Closing Order shall be entered.

IT IS SO ORDERED this 23rd day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] The Court fully concurs with the R&R's alternative recommendation but dismisses this case under the *Younger* abstention doctrine.